IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TERRY REDMON | § | |
|     Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:15-cv-1696 |
| | § | |
| STONEBRIDGE LIFE INSURANCE COMPANY | § § | |
|     Defendant. | § | |

### DEFENDANT STONEBRIDGE'S NOTICE OF REMOVAL

Defendant Stonebridge Life Insurance Company files its Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 as follows:

### I.  PROCEDURAL BACKGROUND

1. On April 22, 2015, Plaintiff Terry Redmon ("Plaintiff') filed her Original Petition initiated an action against Stonebridge Life Insurance Company ("Stonebridge"), Cause No. 12075CV in the County Court at Law of Walker County, Texas (the "State Court Action").

2. On or about May 27, 2015, Defendant Stonebridge was served by mail with a copy of a Citation and Plaintiff's Original Petition.  In her Petition, Plaintiff alleges claims for breach of contract and bad faith failure to pay claim.

3. Although Plaintiff states that pursuant to Rule 47 of the Texas Rules of Civil Procedure, the amount in controversy is less than $100,000, Plaintiff does <u>not</u> state the amount of damages she seeks and does <u>not</u> state the amount in controversy is less than $75,000.  Plaintiff does **not** state in her Petition and did **not** file with her Petition a stipulation stating she would not seek to recover and the amount in controversy was not in excess of $75,000.

4. Defendant Stonebridge timely filed this Notice of Removal and a Notice of Removal in the State Court Action.

## II. NATURE OF THE SUIT

5.     Plaintiff's Petition alleges no specific facts other than those relating to the issuance of the insurance contract to Michael Redmon, that Michal Redmon died on June 4, 2014, and Stonebridge has not paid the benefit under the insurance contract.

6.     **Amount in Controversy.**   Plaintiff asserts claims for breach of contract and breach of the duty of good faith and fair dealing and seeks recovery of the $20,000 policy benefits "plus all general and special damages allowed by law" and attorneys' fees.  The breach of the duty of good faith and fair dealing gives rise to a tort cause of action and the right to recover both actual and punitive damages.  *See Transportation Ins. Co. v. Moriel,* 879 S.W.2d 10, 18 (Tex. 1994); *St. Paul Ins. Co. v. Rakkar*, 838 S.W.2d 622, 629 (Tex.App.-Dallas 1992, writ denied).  In addition, a common law cause of action for breach of the duty of good faith and fair dealing can serve as the basis for a violation of the Texas Insurance Code and the Texas Deceptive Trade Practices Act and recovery of damages recoverable under same.  *See Vail v. Texas Farm Bureau Mut. Ins. Co*., 754 S.W.2d 129 (Tex. 1988).   Again, Plaintiff seeks recovery of insurance benefits and "all general and special damages as allowed by law."   Damages allowed by law would include damages under the Texas Insurance Code, including the 18% penalty under § 542.060 and up to three times actual damages under § 541.152 of the Texas Insurance Code and/or Section 17.50 of the Texas DTPA.

7.     Thus, three times the actual damages sought by Plaintiff would be $60,000, the 18% per annum penalty would be in excess of $7,000, and reasonable attorneys' fees in this matter would be in excess of $10,000.  Thus, the amount in controversy is in excess of $75,000.

8.     Although Plaintiff states that pursuant to Rule 47 of the Texas Rules of Civil Procedure, the amount in controversy did not exceed $100,000, Plaintiff did not state the amount in

controversy. When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S.Ct. 547, 551 (2014).

9. Furthermore, Plaintiff is free in Texas state courts to amend her petition and courts have broad discretion to allow such amendments. Parties can amend their original pleadings to conform to the damages ultimately awarded. TEX. R. CIV. P. 63.

10. Twenty years ago, the Fifth Circuit Court of Appeals in *De Aguilar v. Boeing*, 47 F.3d 1404 (5th Cir. 1995) informed all plaintiffs in the Fifth Circuit that if they want to prevent removal of their case to federal court, they must file a binding stipulation or affidavit with their petition stating the amount in controversy does not exceed $75,000. *Id* at 1412. Again, Plaintiff did not state in and did not file with her Petition a stipulation that the amount in controversy was less than $75,000.

### III. BASIS FOR REMOVAL

11. This Court has original jurisdiction under 28 U.S.C. § 1332 over this action and the action may be removed by Defendant Stonebridge pursuant to 28 U.S.C. § 1441(b).

12. Plaintiff was, at the time this action commenced, and still is a citizen of the State of Texas.

13. At the time of the filing of Plaintiff's Original Petition and this Notice of Removal, Stonebridge Life Insurance Company is and was a corporation incorporated and existing under the laws of Vermont with its principal place of business in Baltimore, Maryland.

14. Complete diversity exists and the amount in controversy is in excess of $75,000, exclusive of interest and costs. Thus, this action is removable to this Court.

15.	Stonebridge has filed as the Appendix to this Notice of Removal a complete copy of the State Court's file, including copies of all process, pleadings, orders and the docket sheet in the State Court Action. Stonebridge will notify the clerk of the court in the State Court Action of this removal, and will give notice thereof to all adverse parties.

## CONCLUSION

The basis for this removal and this Court's jurisdiction is diversity of citizenship. Plaintiff is a citizen of Texas. Stonebridge is a citizen of Vermont and Maryland. The amount in controversy exceeds $75,000, exclusive of interest and costs. As such, this removal action is proper and Stonebridge hereby removes the referenced State Court Action to this Court.

WHEREFORE, Defendant Stonebridge Life Insurance Company respectfully requests that the above-entitled action be removed from the County Court at Law of Walker County, Texas to the United States District Court for the Southern District of Texas, Houston Division.

Respectfully Submitted,

ADKERSON, HAUDER & BEZNEY, P.C.

BY:   */s/ Bernie E. Hauder*
      BERNIE E. HAUDER
      State Bar No. 09233600
1700 Pacific Avenue, Suite 4450
Dallas, Texas 75201-7323
214-740-2500 - Telephone
214-740-2501 – Facsimile
E-mail: Bernie@ahblaw.net

**ATTORNEYS FOR STONEBRIDGE**

## **CERTIFICATE OF SERVICE**

      This is to certify that on this, the 15th day of June, 2015 a true and correct copy of the above and foregoing document has been forwarded to the counsel of record, as indicated below:

| | |
|---|---|
| Lanny D. Ray<br>CANTRELL, RAY, & BARCUS, LLP<br>P.O. Box 1019<br>Huntsville, Texas 77342 | _____  Via Hand Delivery<br>\_\_x\_\_  Via Certified Mail Return Receipt Requested<br>\_\_x\_\_  Via Facsimile<br>_____  Via Electronic Service |

                                      */s/ Bernie E. Hauder*
                                      BERNIE E. HAUDER